HENRY HARRINGTON *vs.* HIRAM B. TUTTLE.

*Amendment. Pleading. Practice.*

A count for a balance of account, or for the amount due, is amendable by adding a bill of particulars.

If the defendant neglects to demur and proceeds to trial without a bill of particulars, it is too late for him to object for the want of such bill.

ON EXCEPTIONS.

ASSUMPSIT upon an account annexed and tried before the presiding justice without the intervention of a jury, subject to exceptions in matters of law, upon the general issue. The only item in dispute was the first:—"Amount due on former account, $36."

Harrington v. Tuttle.

The judge ruled as matter of law that the declaration contains no sufficient description of the debt sought to be recovered under this item. Besides the count upon the account annexed there was a second alleging that the defendant, at &c., "being indebted to the plaintiff in the sum of one hundred and thirty-five dollars and forty-nine cents for six and a half cords of wood, for ten bushels of oats, and for three thousand nine hundred and sixty-four feet of lumber, and also for an amount due on a former account amounting to thirty-six dollars, and all of said several items mentioned amounting to one hundred and thirty-five dollars and forty-nine cents, in consideration thereof then and there promised," &c. The judge held that there was no sufficient averment or statement of the nature of the indebtedness in either count of the declaration on which judgment could legally be rendered for the amount claimed to be recovered on the first item; and ordered judgment for the plaintiff for the rest of his account.

The plaintiff excepted.

*W. H. Vinton* for the plaintiff.

*Howard & Cleaves* for the defendant, cited *Bennett* v. *Davis*, 62 Maine, 544; *Babcock* v. *Thompson*, 3 Pick., 446; *Cross* v. *Robinson*, 21 Conn., 392.

In *Bennett* v. *Davis*, this court said: "A sufficient declaration must contain all the allegations necessary to make out the plaintiff's case, without reference to a paper not attached. An account annexed is part of the declaration. As each item is, or may be, a separate contract of itself, no proof is admissible, in regard to such contract, unless the contract relied upon is alleged in the declaration. The bill annexed in this case shows that different items are relied upon, but does not state what they are." In that case the account annexed consisted of this item: "To groceries as per bill of particulars rendered, $28.62." The charge, "amount due on former account" is equally indefinite, and clearly supposes the existence of certain items that can only be ascertained by reference to some paper *dehors* the record. The court there conclude that it is

clear the "plaintiff cannot sustain his action, nor can he have judgment upon a default without an amendment;" and such, we conceive must be the determination in the present instance.

APPLETON, C. J. This is an action of assumpsit on account annexed, the first item of which is as follows :—"1870. To amount due on former account, $36.00."

The plaintiff testified that he and the defendant looked over their accounts and found, that he owed the defendant $46.40, and that the defendant owed him $36.00 ; but that no settlement or adjustment of their accounts was then had. This was denied by the defendant, but the presiding justice, to whom the case was referred, without determining the controverted question of fact raised by the testimony in regard to this item, ruled that there was no sufficient description of the debt thereby sought to be recovered and no averment or statement of the nature of the indebtedness on which judgment could legally be rendered, and gave judgment for the remainder of the plaintiff's claim.

The case was tried upon the general issue. The defendant is entitled in actions of assumpsit on the common counts, upon his motion, to a specification of the plaintiff's claim. Rule XI, 37 Maine, 571. No bill of particulars was called for.

A common count on account annexed will give jurisdiction, though no account is annexed, nor any bill of particulars filed with the writ when the action is entered; and is amendable by adding such bill. *Tarbell* v. *Dickinson*, 3 Cush., 345; *Burgess* v. *Bugbee*, 100 Mass., 152; *Butler* v. *Millett*, 47 Maine, 492.

By pleading the general issue and going to trial without objecting to the want of a bill of particulars, the defendant waived his right to object for the want of it. *Preston* v. *Neale*, 12 Gray, 222.

It was determined in *Saco* v. *Hopkinton*, 29 Maine, 268, that an attachment upon the money counts or on an account annexed was invalid without a further and more definite specification of the claims sought, to be recovered. When the declaration shows that the suit is for different items, as for goods delivered, but fails to disclose what the goods were, the defendant may call

for a bill of particulars or demur because the declaration contains no such bill.

The distinction between proceeding to trial without calling for a bill of particulars and demurring to the declaration for the want of one is fully recognized. In *Preston* v. *Neale*, 12 Gray, 222, it was held that the want of a bill of particulars under the common counts could not be objected to after the trial had commenced. "The exception to the judge's refusal to strike out the first count," observes Metcalf, J., "for want of a bill of particulars, is overruled. The defendant's proper course was either to move the court to order such a bill to be filed or to demur to the count." In *Bennett* v. *Davis*, 62 Maine, 544, advantage of the want of a bill of particulars was taken by demurrer. Not so here.

In the present case, if the defendant had desired a bill of particulars, he had only to make the request. When no request is made on the trial, the presumption is that the defendant has no need of the information thus attainable. *Exceptions sustained.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.